d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAMOLKHON ABDUSAMAT UGLI SALIMOV #A245-534-862, Plaintiff | CIVIL DOCKET NO. 1:25-CV-01040 SEC P |
| VERSUS | JUDGE DRELL |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (ECF No. 2). Plaintiff requests appointed counsel because of an inability to afford an attorney. For the following reasons, Plaintiff's Motion is hereby DENIED.

A civil litigant does not have a right to appointed counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)). *Jackson v. C ain*, F.2d 1235, 1242 (5th Cir. 1989). Rather, "'"appointed counsel in a civil case is a privilege . . . allowed only in exceptional cases." *Romero v. Barr*, No. 6:20-CV-00789, 2020 WL 3928269, at *1 (W.D. La. July 10, 2020). More particularly, "the power to appoint counsel is a power of last resort, and even where exceptional circumstances warrant appointment, [a] [c]ourt must first exhaust all other options." *Naquin v. Saint Ann's Hosp./Ochsner*, No. CV 21-1099, 2022 WL 1748424, at *1 (E.D. La. May 31, 2022).

However, a court may exercise statutory or inherent authority to appoint counsel in some civil cases. *See* 28 U.S.C. § 1915(e)(1); *Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015). Appointment requires both (1) that any disputed "claims meet a threshold level of plausibility," and (2) that the lawsuit presents "exceptional circumstances." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). A complaint "is frivolous [and thus, implausible] where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32, 104 L. Ed. 2d 338 (1989). A complaint presents exceptional circumstances depending upon the balance of four "*Ulmer* factors" identified in our circuit's seminal opinion on the issue: "'(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.'" *Delaughter v. Woodall*, 909 F.3d 130, 140–41 (5th Cir. 2018) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

In this case, based upon the present record, the Court finds as follows:

☒ Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel, because:

  ☒ the case is not atypical or unusually complex;

  ☒ Plaintiff has demonstrated a capability of presenting the case commensurate with other litigants in similar circumstance;

☐     Plaintiff will not be unable to adequately investigate the case;

☐     the evidence will not necessarily consist in large part of conflicting testimony; and/or

☒     does not otherwise present exceptional circumstances.

☐     Plaintiff has demonstrated that exceptional circumstances warrant the appointment of counsel, because, on the present record, the case:

      ☐     the case is atypical or unusually complex;

      ☐     Plaintiff has not demonstrated a capability of presenting the case commensurate with other litigants in similar circumstance;

      ☐     Plaintiff will be unable to adequately investigate the case;

      ☐     the evidence will not necessarily consist in large part of conflicting testimony; and/or

      ☐     does not otherwise present exceptional circumstances.

Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 2) is hereby DENIED.

SIGNED on Thursday, August 14, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE