a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAMOLKHON ABDUSAMAT UGLI SALIMOV #A245-534-862,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01040<br>SEC P |
| VERSUS | JUDGE DRELL |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Kamolkhon Abdusamat Ugli Salimov ("Salimov"). Salimov is an immigration detainee at the ICE Processing Center in Angola, Louisiana. At the time of filing, he was detained in Jena, Louisiana. Salimov alleges that there is no significant likelihood of his removal in the reasonably foreseeable future.

To determine whether Salimov is entitled to relief, the Government must supplement its Response to the Petition.

I. **Background**

Salimov is a native and citizen of Uzbekistan. According to the declaration of an Assistant Filed Office Director ("AFOD"), Salimov entered the United States on December 1, 2023, without being admitted or paroled. ECF No. 17-1 at 1. He was

1

released from custody by an Order of Recognizance pending his immigration hearing. *Id.*

Salimov was re-detained on April 12, 2024, and has remained in custody. *Id.* He was ordered removed to Uzbekistan on October 1, 2024, but granted withholding of removal under the Convention Against Torture. *Id.* Salimov's removal order became final on January 15, 2025, when the Government's appeal was withdrawn. *Id.* at 2.

Salimov alleges that his removal is not likely to occur in the reasonably foreseeable future because there is no alternative country to which he can be removed. The AFOD asserts that "ICE is in receipt or expects to receive the necessary travel documents to effectuate [Salimov's] removal," and that "ERO will continue to request removal to a third country and expect a significant likelihood of removal due to recent removals of Uzbekistan nationals." ECF No. 17-1 at 2.

II.  Law and Analysis

In *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001), the Supreme Court rejected the argument that the government could detain a removable noncitizen indefinitely. The Court held that detention is limited to the period reasonably necessary to bring about the removal. *Id.* Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699.

Salimov contends that his removal is not reasonably foreseeable, so his detention violates *Zadvydas*. Although the AFOD states that "ICE is in receipt or expects to receive" travel documents, it also states that "ERO will continue to request removal to a third country." If the Government "will continue to request removal to

a third country," then it is likely not "in receipt" of travel documents. And although it allegedly expects to receive travel documents, the Government has not identified any country from which it anticipates receiving those documents.

Additionally, although the Government alleges that there have been "recent removals of Uzbekistan nationals," Salimov was granted withholding of removal to Uzbekistan. The AFOD does not identify any other country to which Uzbekistan nationals have recently been removed.

Accordingly, IT IS ORDERED that, within 10 days of the date of this Order, the Government supplement its response to identify the country from which it "is in receipt or expects to receive" travel documents, as stated in the AFOD's declaration.

SIGNED on Monday, December 1, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE